CRUZ *v.* LÓPEZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 427.—Resuelto en enero 16, 1911.

APELACIÓN—PRUEBA CONTRADICTORIA—APRECIACIÓN DE LA CORTE INFERIOR.—En los casos en que las declaraciones testificales sean contradictorias, la apreciación que de las mismas hubiere hecho la corte inferior, habrá de estimarse justa y procedente por el tribunal de apelación, a no ser que se demuestre

que la corte inferior procedió en tal apreciación movida por pasión, prejuicio o parcialidad, o que incurrió en manifiesto error.

CONTRATOS—CONSENTIMIENTO PRESTADO POR DOLO—NULIDAD.—Para que pueda declararse la nulidad o rescisión de un contrato por el fundamento de haberse obtenido el consentimiento por dolo, la prueba que haya de justificar la existencia del dolo, ha de ser clara y convincente.

ID.—Aún suponiendo que la prueba de este caso demostrara que O'Neill, persona extraña al contrato que se trata de anular, hubiera hecho falsas representaciones para inducir a Cruz a que prestara su consentimiento al otorgamiento de dicho contrato; este hecho por sí solo no es suficiente para imputar conocimiento de tales representaciones a López Díaz, la otra parte contratante, ni para exigirle responsabilidad por los actos de O'Neill, pues no se ha probado que éste fuera agente de aquél, ni que entre ambos hubiera habido connivencia de clase alguna.

ID.—De las alegaciones de la demanda presentada en este caso aparece que el propio demandante, al otorgar el contrato que ahora pretende que se anule, trató de poner todos, ó una parte de sus bienes, á cubierto de ciertas responsabilidades que pudieran derivarse contra él en determinado procedimiento judicial, lo que legalmente considerado, envuelve la comisión de un fraude, y es un principio de derecho que el que reclama justicia por motivos de fraude debe estar libre de toda participación en él. *In parti delicto potior est conditio defendentis.*

ID.—CONSENTIMIENTO OBTENIDO POR SUGESTIÓN.—Aun cuando en algunos casos se ha declarado que si una persona de carácter débil, como, generalmente, una mujer, ha sido sugestionada por otra en quien confiara, y por virtud de tal sugestión, ha prestado su consentimiento á una escritura de traspaso, procederá la intervención judicial para decretar su nulidad, este principio no es aplicable al presente caso, pues la prueba no demuestra que el demandante tenga un carácter débil, susceptible de ser sugestionado, sino más bien que se trató de asustarle para que otorgara el contrato, lo que no es suficiente para constituir la intimidación ó el dolo a que se refiere la ley; no se ha probado que se le coaccionara o amenazara en forma alguna.

ID.—CAUSA DEL CONTRATO.—A falta de una prueba que positivamente demuestre lo contrario, ha de presumirse que tiene causa un contrato consignado en escritura pública, en la que ambas partes reconocen la existencia de la causa, y de ello el notario da fe.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *F. L. Cornwell y Fernando Vázquez.*

Abogados de los apelados: Sres. *Eduardo Acuña y José E. Figueras.*

EL JUEZ ASOCIADO, SR. WOLF, emitió la opinión del tribunal.

En 4 de mayo de 1909, la Corte de Distrito de Mayagüez, dictó sentencia, desestimando la demanda en el presente caso,

con las costas al demandante. Contra esta sentencia se interpuso recurso de apelación, en 11 de mayo de 1909. En 15 de mayo, la corte formuló y presentó una exposición de hechos, con conclusiones legales, que también se titula sentencia. Se presentaron excepciones contra los fundamentos de hecho consignados en dicha exposición; esas excepciones fueron enmendadas en cuanto a algunos puntos, y el apelante alega multitud de razones por qué los fundamentos de hecho son erróneos. La consideración de gran número de los errores alegados, envuelve la cuestión de la importancia de las pruebas, y del valor que ha de darse a la declaración del demandante. Es evidente por los fundamentos de hecho, que el tribunal no dió crédito al testigo principal del demandante; y a menos que aparezca en los autos, algo que nos convenza claramente de que el tribunal tenía prevención contra el testigo, o se hallaba movido por pasión o parcialidad, o ha cometido un error manifiesto, no podemos decir en el presente caso, que los fundamentos de hecho eran erróneos en este respecto.

Este era un pleito entablado para anular una escritura, otorgada por el demandante, Rafael Cruz, a favor de los demandados, Ulises y Ernesto López Díaz, por la consideración, o causa de $8,000, según se relata en la escritura. El demandante también pidió $25,000, por daños y perjuicios. Se hicieron por parte de dicho demandante, tres afirmaciones principales, a saber:

1. Que el documento fué firmado sin su consentimiento.

2. Que fué persuadido a comparecer ante el notario, y permitir que se firmase dicho documento, por representaciones fraudulentas, por partes de Alberto O'Neill, primo del cesionario, que también figura como demandado en el presente caso.

3. Que no hubo causa o consideración, en la transacción.

La primera afirmación fué contradicha por la propia declaración del demandante, con respecto a que se le había persuadido a comparecer ante el notario, y permitir que se firmase la escritura, según sostuvo en la segunda afirmación.

Además, el anciano notario que otorgó la escritura, lo mismo que su hijo, hicieron deposiciones, tendentes a demostrar que Rafael Cruz otorgó legalmente dicha escritura a presencia de ellos. En esa ocasión, él mismo, según lo demuestra su propia declaración, insistió sobre algunas modificaciones en la escritura con respecto al terreno descrito. Son claras las pruebas de que dicho Cruz, según todas las apariencias, estaba deseoso y dispuesto a firmar la escritura, y que lo hizo con el pleno conocimiento de que estaba firmando un documento de esta clase. También es clara la prueba de que él anteriormente había tenido experiencia en negocios análogos, aunque declaró que había reposado una gran confianza en Ulises López, que también figura como demandado y que es el padre de los otros dos demandados del mismo apellido.

El segundo punto alegado por el apelante, es que la escritura fué obtenida mediante falsas representaciones por parte del demandado, Alberto O'Neill. Las afirmaciones esenciales de la demanda son, que Alberto O'Neill, en combinación, conspiración y de acuerdo con los demandados, y con la intención de privar al demandante de los bienes antes descritos, y sabiendo que el demandante era una persona analfabeta, ignorante, y sin experiencia en negocios de esta índole, y que tenía en él reposada su plena confianza, le representó falsamente, e hizo creer a dicho demandante, que una hija suya, que había contraído matrimonio con un tal Antonio Ponce, contra su voluntad, le arrebataría en los tribunales de justicia, parte de o todos los bienes descritos en la demanda, si no vendía o traspasaba dichos bienes a otra persona, por medio de escritura o documento ante notario. Luego se consigna en la demanda, que los demandados, prosiguiendo su fraudulenta combinación y conspiración, persuadieron al demandante, a que compareciera ante un notario, y otorgara la escritura, cuya anulación se solicita ahora por el actor. En el párrafo sexto de la demanda, se consigna que, prosiguiendo su conspiración y combinación, los demandados le ofrecieron ciertos documentos, que, según su creencia, eran pagarés a su orden,

y los cuales documentos le fueron ofrecidos como la cantidad o importe de dicha venta; y que él rehusó y todavía rehusa, y ha rehusado siempre, aceptar dichos documentos, y que no se le ha satisfecho cantidad o suma de dinero alguna.

El demandante y otros, hicieron, en efecto, declaraciones tendentes a demostrar que el demandante había consentido en el otorgamiento de la escritura, por las representaciones que le hiciera Alberto O'Neill, primo del cesionario, al efecto de que, mediante dicha escritura, Ulises López, padre del cesionario, le salvaría de un pleito, que, según se le dijo, iban a entablar contra él, su hija, Alejandra Cruz, y el esposo de ésta, Antonio Ponce. El demandante declaró que Alberto O'Neill le había dicho constantemente que el traspaso de bienes era necesario para salvarle de ese resultado; que dicho Alberto O'Neill le había enseñado varias cartas de un abogado, Salvador Mestre, referentes a dicho asunto; y que él mismo Mestre, así lo dijo el demandante, reconoció que esas cartas habían sido escritas con el objeto de conseguir la propiedad para López Díaz.

Debe observarse que el demandante es un hombre que empezó su carrera como simple peón, y que ha adquirido considerables bienes; pero no explica por qué fuera necesario para su salvación, el traspaso de la propiedad descrita en la demanda, ni en qué forma estuviera en peligro, ni por qué sus demás bienes, sus terrenos, ganado y dinero, no estuvieran afectados. El admite que respecto a un posible pleito, está en la misma situación, desde que se otorgó la escritura, como lo estaba antes; y alega que no teme ningún pleito de su hija, porque ella no tiene derechos que pudiera hacer valer contra él. El abogado, Mestre, admite que él escribió una carta a O'Neill, preguntando sobre los bienes de Cruz, y el vínculo de parentesco entre Cruz y Ponce; pero niega haber escrito cualquier otra carta, o haber hecho cualquier otra manifestación. Como hemos dicho anteriormente, no vemos que el tribunal haya cometido error alguno, al no dar crédito a la declaración de Cruz; pero en todo caso, para anular o res-

cindir un contrato, por el motivo de fraude, es necesario algo más que lo probado en el presente caso. La prueba del fraude debe ser clara y convincente. (*Calzada* v. *Carrero*, resuelto en 2 de junio de 1909; *Lamas Lamela* v. *Manuel Roig y Hernández*, resuelto en 24 de junio de 1909.)

El demandante acusó a los demandados, López Díaz y O'Neill, de fraude, combinación y colusión. No hubo absolutamente prueba alguna de tal fraude o combinación. No hubo prueba alguna de que Alberto O'Neill fuera el agente de los hermanos, López Díaz, excepto en ayudarles para obtener la escritura. No hubo prueba de que Alberto O'Neill, si es que hizo las representaciones que se le atribuyen, las hizo en prosecución de algún plan o acuerdo entre él y los demandados, López Díaz. Si es un hecho el que Alberto O'Neill le hiciera al demandado las fraudulentas representaciones que se alegan, para llevar a cabo la venta de la propiedad, por ese solo hecho no se les puede imputar a los demandados, el conocimiento ni la responsabilidad de dichos actos.

Además, suponiendo que el demandante sea una persona normal, y capaz de cuidar de sus propios intereses, entonces resultaría que él, en el presente caso, trataba de poner parte de o todos sus bienes, fuera del alcance de los procedimientos legales. Esta es una afirmación contenida en la misma demanda. En otras palabras, en el caso de haberse dictado sentencia contra él, quiso evitar que sus bienes estuviesen sujetos a los procedimientos judiciales. Esto de por sí, hubiera sido un fraude ante la ley. La parte que comparece ante los tribunales, pidiendo justicia, con motivo de fraude, debe presentarse con las manos limpias. *In pari delicto potior est conditio defendentis.*

Hay casos en que se ha declarado que, cuando una persona de carácter débil, con más frecuencia, una mujer, ha sido engañada por otra persona, en quien la víctima confía, los tribunales intervendrán para anular un traspaso de bienes.

*Harding* v. *Handy*, 11 Wheat, 103.

*Allore* v. *Jewell*, 94 U. S., 506.

*Conley* v. *Nailor,* 118 U. S., 133.

Note to *Hough's Administrators* v. *Hunt,* 15 Am. Dec., 573.

En el presente caso, no hay prueba de que el demandante fuera una persona de carácter débil. Es verdad que era analfabeta, y que tenía gran confianza en el padre de los dos hombres a favor de quienes hizo el traspaso. El demandante mismo niega haber tenido muchas transacciones con Alberto O'Neill, pero dice que por lo general, confiaba en Ulises López Díaz, padre. No hay prueba de acto alguno por parte de este último, que haya afectado al demandante en el presente caso. El demandante, según lo demuestra la prueba, es un hombre de negocios, suficientemente astuto, para haber adquirido bienes considerables mediante sus propios esfuerzos. No se demostró que el demandante reposara una confianza especial en Alberto O'Neill, antes de esta transacción. La prueba en el presente caso, demuestra a lo sumo, una tentativa de asustar al demandante para conseguir que otorgase la escritura a favor de los demandados; pero esto no constituye la intimidación a que se refiere la ley, ni es fraude tampoco. El demandante no fué forzado ni amenazado con daño corporal, ni otra consecuencia alguna, que constituyera coacción o intimidación.

Hemos estado considerando en parte el presente caso, fundándonos en la teoría de la verdad de la declaración del demandante; pero nosotros creemos que la preponderancia de la prueba es contraria a la verdad de la teoría sostenida por el demandante en su demanda.

El demandante también alega que la escritura carecía de causa o consideración. El notario declara que el demandante confesó que había causa o consideración. El actor también consigna en su demanda, que le fueron ofrecidos unos pagarés endosados por Ulises López, padre, y pagaderos a la orden del demandante. Este confiesa en su declaración, la entrega manual de los mismos. También declara que los ofreció a Ulises López, padre; pero no se demuestra que se han hecho dichos pagarés.

A falta de pruebas más positivas que éstas, debemos, en vista de la escritura pública, presumir la existencia de un completo acuerdo y consideración entre el demandante y los demandados, en cuanto a pagos. Hubo pruebas en el juicio, tendentes a demostrar que la propiedad en cuestión, valía más dinero, y nos inclinamos a ser de la misma opinión del tribunal sentenciador, de que el proceder por parte del demandante, era debido a nueva reflexión, y que deseaba mejorar su situación.

En el presente caso, era necesario reformar los autos, borrando un gran número de repeticiones; pero la materia innecesaria quedó incluída en el legajo, junto con otras repeticiones que no fueron borradas. El estado confuso de los autos, y las voluminosas repeticiones de materias impertinentes, son en parte la causa de la demora habida en esta decisión.

No encontrándose error alguno en la sentencia dictada por el tribunal inferior, debe confirmarse dicha sentencia, en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados, MacLeary y del Toro.