CRUZ, DEMANDANTE Y APELADA, *v.* SANTIAGO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa sobre filiación y alimentos.

No. 1393.—Resuelto en junio 19, 1916.

FILIACIÓN—HIJOS NATURALES—RECONOCIMIENTO DE HIJOS NATURALES—PRUEBA VIGOROSA Y CONVINCENTE DEL RECONOCIMIENTO.—En este caso del examen de las declaraciones que obran en la transcripción de los autos, hay prueba para

sostener que Benigna Cruz vivió en concubinato con Felipe Santiago en la fecha que indica la demanda; que de esas relaciones nació la niña Rosa María Cruz, pagando el demandado los gastos del parto; que dichas relaciones continuaron hasta el año 1901 en que se casó Felipe Santiago con otra mujer; que cuando la niña tuvo cuatro años de edad la madre la entregó para su cuidado a su padrino Escolástico Roger, quien vive con una hermana de Benigna; que Felipe Santiago atendió pecuniariamente a la madre y a la hija mientras vivieron juntas y que después entregaba semanales de dinero a Roger para las atenciones de la niña, generalmente por entregas directas a él y otras por conducto de Rosa María, siendo la última entrega el día que se presentó la demanda; que el apelante ante varias personas ha manifestado que Rosa María Cruz es su hija, le ha dado su bendición como padre repetidas veces y manifestó a Escolástico Roger que si no la reconocía legalmente como tal hija era porque su esposa se oponía; y que Roger llevó a Rosa María Cruz a pasar una temporada en la casa de Felipe Santiago en el año 1914 y luego estuvo otra vez en diciembre o enero de 1915. *Se resolvió:* que tales hechos constituyen prueba vigorosa y convincente del reconocimiento hecho por Felipe Santiago de su hija natural Rosa María.

ID.—PRESENCIA DEL DEMANDADO EN EL JUICIO—INFERENCIA DE ACTOS Y MANIFESTACIONES.—Cuando un demandado en causa sobre filiación, estando presente en el juicio, no se ofrece como testigo para contradecir las afirmaciones que se hicieren de sus actos y manifestaciones, permite de ese modo que el juez pueda inferir que no se atrevía a contradecirlas bajo juramento. No quita fuerza a la inferencia el hecho de que el demandado jurara la contestación negando los actos de su reconocimiento que en la demanda se imputaban, ni tampoco el hecho de que al examinarlo la demandante como su testigo se limitara a preguntarle sobre sus bienes de fortuna a los efectos de su reclamación de alimentos y no lo interrogara sobre los actos de reconocimiento.

ID.—POSESIÓN CONTINUA DE ESTADO DE HIJO NATURAL—ACTOS DE RECONOCIMIENTO.—No es necesario para que la posesión continua de estado de hijo natural exista que los actos de reconocimiento empiecen desde el nacimiento hasta la demanda si existe una serie de actos que demuestren la voluntad del padre de reconocer al hijo natural, bastantes para poder estimar que no siendo aislados son por el contrario una continuación de hechos que presentan al hijo en relación no interrumpida de hijo natural.

ID.—CUANTÍA LITIGIOSA—HONORARIOS DE ABOGADO—ALIMENTOS PROVISIONALES—PENSIÓN ALIMENTICIA.—En una acción de filiación en que no se reclamen bienes, no existe cuantía, y por tanto, no procede la condena de honorarios de abogado, aun cuando la sentencia conceda además una pensión alimenticia.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José y Manuel Tous Soto.*

Abogado del apelado: *Sr. Rafael Martínez Nadal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Benigna Cruz presentó demanda a nombre de su hija menor de edad Rosa María Cruz en 1°. de abril de 1915 contra

Felipe Santiago solicitando que se la declarase hija natural reconocida de éste, con los derechos que el Código Civil concede a los hijos naturales. También se pidió en la demanda que se concedan alimentos a la menor hasta que llegue a la edad de 18 años.

En la demanda se expusieron como hechos fundamentales de la acción de filiación que a principios del año 1899 su madre Benigna Cruz fué seducida por Felipe Santiago con quien vivió en concubinato y de cuyas relaciones nació en 20 de abril de 1900 la demandante Rosa María Cruz, la que siempre fué tenida por él como hija suya, atendiendo a sus necesidades, llamándola hija en conversaciones públicas delante de varias personas, llevándola a pasar temporadas en su casa donde estuvo tres meses desde junio a septiembre de 1914, y luego en enero de 1915, que el demandado ha manifestado en diversas ocasiones a Escolástico Roger, quien cuida de la demandante, que ésta es su hija y que la reconocería legalmente si no fuera por la oposición de su esposa, y que cuando sus padres la procrearon eran ambos solteros y sin impedimento para contraer matrimonio. Para la reclamación de alimentos se alega el capital que tiene el demandado.

La demanda fué jurada por Benigna Cruz 'y la parte demandada también juró su contestación en la que negó los hechos que son fundamento de aquélla.

Celebrado el juicio el día 19 de junio de 1915, el tribunal inferior declaró probados los hechos de la demanda referentes a los actos de reconocimiento alegados y dictó sentencia declarando que Felipe Santiago es el padre natural de Rosa María Cruz y condenándole a pagar a su hija por vía de alimentos la cantidad de $30 mensuales hasta que cumpla la edad de 18 años, así como las costas, desembolsos y los honorarios del abogado de la demandante. Contra esta sentencia y contra la resolución que aprobó el memorándum de costas por contener cantidad para honorarios de abogado, interpuso el demandado el presente recurso de apelación.

El único motivo en que el apelante basa su petición de que revoquemos la sentencia apelada es que la prueba no es suficiente para sostener la declaración del tribunal inferior de que Rosa María Cruz es hija natural suya, porque no es vigorosa y convincente como hemos declarado debe serlo la de filiación. *Negueruela* v. *Somohano,* 16 D. P. R. 692 y *Méndez* v. *Martínez,* 21 D. P. R. 252

Veamos, pues, si la prueba es vigorosa y convincente para sostener la declaración hecha por el tribunal *a quo* de que Rosa María Cruz es hija natural del apelante Felipe Santiago.

Del examen de las declaraciones que obran en la transcripción de los autos hay prueba para sostener que Benigna Cruz vivió en concubinato con Felipe Santiago en la fecha que indica la demanda; que de esas relaciones nació la niña Rosa María Cruz, pagando el demandado los gastos del parto; que dichas relaciones continuaron hasta el año 1901 en que se casó Felipe Santiago con otra mujer; que cuando la niña tuvo cuatro años de edad la madre la entregó para su cuidado a su padrino Escolástico Roger, quien vive con una hermana de Benigna; que Felipe Santiago atendió pecuniariamente a la madre y a la hija mientras vivieron juntas y que después entregaba semanales de dinero a Roger para las atenciones de la niña, generalmente por entregas directas a él y otras por conducto de Rosa María, siendo la última entrega el día que se presentó la demanda; que el apelante ante varias personas ha manifestado que Rosa María Cruz es su hija, le ha dado su bendición como padre repetidas veces y manifestó a Escolástico Roger que si no la reconocía legalmente como tal hija era porque su esposa se oponía; y que Roger llevó a Rosa María Cruz a pasar una temporada en la casa de Felipe Santiago en el año 1914 y luego estuvo otra vez en diciembre o enero de 1915.

Es cierto que muchos de estos hechos fueron contradichos por testigos de la parte demandada y que la testigo principal en el pleito fué Rosa María Cruz, que entonces tenía 15 años de edad, pero como la declaración hecha por el juez inferior

en la sentencia lleva consigo crédito para esos hechos, tenemos que aceptarlos como ciertos toda vez que oyó a los testigos y viéndolos declarar estaba en mejor condición que nosotros para apreciar su credibilidad, ya que no tenemos para conocer la declaración de los testigos otra cosa que el extracto de sus manifestaciones hecho en la exposición del caso.

Entendemos que tales hechos constituyen una prueba vigorosa y convincente del reconocimiento hecho por Felipe Santiago de su hija natural Rosa María, teniendo en cuenta también que estando el demandado presente en el juicio no se presentó como testigo para contradecir las afirmaciones que se hicieron de sus actos y manifestaciones permitiendo de ese modo que el juez hiciera la inferencia de que no se atrevía a contradecirlos bajo juramento. Una de las razones que se tuvieron en cuenta en el caso de *Fajardo* v. *Tió*, 17 D. P. R. 248, para confirmar la sentencia que hizo la declaración de hija natural fué que el padre demandado no declaró, haciéndose referencia al artículo 102 de la Ley de Evidencia y a la obra de Wigmore, 289 respecto a tal circunstancia. Es cierto que el demandado juró la contestación negando los actos de reconocimiento que en la demanda se le imputaban, pero tal negativa jurada es solamente un requisito del procedimiento que no tiene el valor probatorio de una declaración prestada en el juicio que está sujeta a las repreguntas de la parte contraria. Ni el hecho de que al sentarlo la demandante en la silla de los testigos se limitara a preguntarle sobre sus bienes de fortuna a los efectos de su reclamación de alimentos y no lo interrogara sobre los actos de reconocimiento quita fuerza a la inferencia que surge del hecho de no haber contradicho los hechos que se le imputaron por los testigos de la parte demandante, pues para ésta no era evidencia superior la declaración de la parte demandada, pues había de serle un testigo hostil, dada su contestación a la demanda.

La teoría de la parte apelante en esta apelación es que no existe una serie continua de actos de reconocimiento por

parte suya porque encuentra una laguna en la prueba desde
los cuatro años de edad de la niña hasta que en 1914 estuvo
en su casa y que sólo demuestra actos aislados.

No es necesario para que la posesión continua de estado
de hijo natural exista que los actos de reconocimiento empie-
cen desde el nacimiento hasta la demanda si existe una serie
de actos que demuestren la voluntad del padre de reconocer
al hijo natural, bastantes para poder estimar que no siendo
aislados son por el contrario una continuación de hechos que
presenten al hijo en relación no interrumpida de hijo natural.
*Méndez* v. *Martínez,* 21 D. P. R. 267. Pero en este caso re-
sulta además que los actos de reconocimiento empezaron con
el nacimiento y continuaron hasta la demanda, pues la laguna
que el apelante encuentra en la prueba se debe a que echa
en olvido la declaración de Escolástico Roger según la cual
Felipe Santiago siempre le entregó dinero para atender a
su hija Rosa María Cruz.

El resultado de la prueba creída por el tribunal inferior
es no sólo que Rosa María Cruz es el fruto de las relaciones
del demandado con Benigna Cruz cuando ambos eran solte-
ros, sino que desde entonces y hasta el comienzo del pleito
ha venido atendiendo a la subsistencia de su hija, que como
tal la ha tratado ante diversas personas, y que por algunas
temporadas la ha tenido en su casa, hechos que son bastante
vigorosos y convincentes para demostrar la posesión continua
del estado de hija natural suya por sus actos directos y por
tanto que la demandante justificó los requisitos que exigía
la ley vigente a su nacimiento y que no cometió el tribunal
inferior el error que se le atribuye de haber fallado sin prueba
que sostenga su sentencia.

En cuanto a la condena de pagar honorarios de abogado
hace referencia esta apelación, tenemos que decir que en
una acción de filiación como la presente en que no se recla-
man bienes no existe cuantía y, por tanto, de acuerdo con lo
resuelto en el caso de *Modesto* v. *Sucesión Dubois,* 16 D. P. R.
745, no pueden recobrarse honorarios de abogado. Es cierto

que también se reclamó con la demanda de filiación una pensión alimenticia de $75 mensuales hasta que Rosa María Cruz llegara a la edad de 18 años y que la sentencia concede $30 al mes por ese período de tiempo, pero de. acuerdo con lo decidido en el caso de *Luzunaris* v. *Díaz,* 23 D. P. R. 663 con motivo de una demanda sobre alimentos, no procede la condena de honorarios de abogados, por lo que la sentencia apelada debe ser modificada en este particular y también la resolución aprobando el memorándum de costas para que quede eliminada la partida de honorarios de abogado.

> *Confirmada la sentencia y resolución apeladas, pero modificando la primera en el sentido de que no procede la condena de honorarios de abogado y eliminando de la segunda la partida de dichos honorarios.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.