Ríos et al., Demandantes y Apelantes, *v.* Amorós et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre inexistencia de contrato.

No. 1938.—Resuelto en julio 31, 1919.

Nulidad de Escritura Pública—Contrato Válido—Causa del Contrato—Falsedad de la Causa—Causa Distinta pero Verdadera y Válida—Peso de la Prueba Cuando se Alega Falta de Causa.—Cuando existe una escritura notarial, la prueba debe ser vigorosa para que pueda destruir la expresión en ella contenida sobre la causa del contrato, pues la corte debe tener ante sí una certeza legal de que no existió tal causa; pero aun suponiendo que la causa expresada fuera falsa, si en el juicio se demuestra una causa distinta que es lícita, esto será bastante para la validez del contrato de acuerdo con el artículo 1243 del Código Civil; aparte de que el peso de la prueba recae sobre el que alega la falta de causa.

Evidencia — Prueba Inadmisible Sobre la Simulación del Contrato. — No constituye error por parte de la corte inferior el negar la admisión de una carta del notario, residente en España y autorizante de la escritura cuya nulidad se pide, tendente a probar la simulación del contrato contenido en dicha escritura.

Id.—Id.—Admisión Suscrita por el Vendedor Causante de los Demandantes.—Una carta escrita por el vendedor de los bienes, que es el causante de los demandantes, tendente a probar la validez de tal venta, era admisible en evidencia, por ser una admisión que le perjudicaba.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. J. Tous Soto* y *J. A. Poventud.*

Abogados de los apelados: *Sres. López de Tord & Zayas Pizarro.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los apelantes, que son los herederos de Manuel Rosaly y Castillo, establecieron una acción de nulidad o inexistencia de una escritura que según alegan sus contrarios fué otorgada a la principal demandada Magdalena Amorós. En apoyo de su contención ofrecieron los apelantes en el juicio prueba tendente a establecer que la supuesta escritura carecía de causa y, por tanto, era inexistente. Los pormenores de la prueba tendentes a acreditar esto según el punto de vista de los apelantes eran que Magdalena Amorós era pobre, tan pobre que se vió obligada a ser la concubina del causante que era casado; que con anterioridad a la supuesta escritura, por un período de tres años después o hasta el fallecimiento de don Manuel la referida Magdalena Amorós fué su concubina viviendo en Barcelona, España, y él la sostenía; que sus padres fueron llevados a Barcelona por su concubino y que ellos desempeñaban el oficio de sirvientes en la casa donde don Manuel y Magdalena Amorós vivían, y que ella misma, Magdalena, atendía a los visitantes que llegaban a la casa; que en esta escritura en particular, así como en otras que se hicieron con motivo de la misma la referida Magdalena Amorós tenía cédula de una persona del grado undécimo, que significaba extremada pobreza; que las propiedades que se suponían fueron vendidas realmente nunca estuvieron en posesión de la dicha Magdalena Amorós y que ella jamás reclamó la renta de las mismas hasta después de la muerte de don Manuel; que la posesión de la finca antes y después de la escritura la tuvo don Manuel o su familia; que la expresada Magdalena nunca declaró en su favor, estableciéndose así una presunción en su contra.

Respecto a la posesión del terreno es bien sabido que en

Puerto Rico, así como en España, no es necesaria la entrega real de la propiedad, equivaliendo la escritura misma a la posesión, muy parecido al hecho de que en los Estados Unidos un sello representa una causa. Por tanto los casos como el de *Hamilton* v. *Russell,* 1 Cranch U. S.; 1 C. R. 399, relativos a la simulación de transacciones por falta de posesión no son de aplicación.

Ni tampoco tiene mucha relación el hecho de no haber declarado Magdalena Amorós. Ella no se encontraba en el país como tiende a establecer la prueba, por tanto su prueba no fué suprimida. En el caso de *Fajardo* v. *Tió,* 17 D. P. R. 244, existía prueba robusta para acreditar la existencia de hechos particulares, cuya tendencia final era probar que el demandante era hijo natural y todos los hechos, de no ser ciertos, eran susceptibles de poder ser contradichos y negados por el padre demandado. Jamás se ha dicho que un demandado por correr el riesgo de que la cuestión se resuelva en su contra tenga que declarar. Los apelantes no muestran qué hechos en particular podía ella negar. Insisten ellos en su conclusión. Parece probable que debido al consejo que se le dió, ella no quiso negar que había sido pobre o que ella o sus padres sirvieron a don Manuel. Ella no estaba en el deber de declarar que la escritura en realidad era simulada o falsa. Incumbía a los apelantes la obligación de presentar esa prueba.

Las declaraciones de los demandantes también probaron que Magdalena Amorós tuvo un hijo como resultado de haber vivido con Manuel Rosaly. La escritura fué presentada como prueba por los demandados quienes además presentaron alguna otra prueba. La corte inferior declaró probado que la prueba era insuficiente para que se declarase la inexistencia de la escritura. Cuando se otorga una escritura notarial la prueba tiene que ser fuerte para anular lo que en ella se dice de que existe una causa. La prueba presentada en este caso, a lo sumo, tiende a mostrar la posibilidad o hasta una probabilidad de que independientemente de don

Manuel, Magdalena Amorós no pudo haber reunido la suma de $21,000 que es la cantidad que se menciona en la escritura. Sin embargo, para que una escritura notarial pueda ser anulada la corte debe tener algo más; a saber, una certeza legal. Don Manuel pudo haber regalado a Magdalena Amorós la suma que se menciona en la escritura o ella pudo haberla ganado en la lotería. No se pretende decir, según entendemos, que la suma mencionada en la escritura no estuviera comprendida dentro del tercio de libre disposición que pertenecía a don Manuel o que este traspaso, de ser gratuito, privó a los herederos de sus participaciones legítimas. Además, la declaración del principal testigo, Rafael Quiñones, probablemente no mereció la confianza de la corte inferior y no la merece para nosotros.

Supongamos, sin embargo, que no se considerara válida la causa mencionada en la escritura.

Los mismos demandantes probaron que Magdalena Amorós prestaba servicios personales a Manuel Rosaly y a su hijo natural. Los apelados citan además un caso de la Corte Suprema de España para probar que un acto de mera liberalidad sostendrá un contrato, 69 Jurisprudencia Civil p. 341, como lo indica el artículo 1241 del Código Civil. Por tanto, el traspaso podrá estar sostenido por causas, probadas en el juicio, y cumplir con los requisitos exigidos por el artículo 1243 del Código Civil, no obstante las prescripciones del artículo 1242. El caso en este sentido presentaba cierta analogía al de *Morales* v. *Dessús;* (pág. 593).

Los casos resueltos por este tribunal de *Rosado* v. *Rosado,* 17 D. P. R. 471; *Latorre* v. *Torres,* 24 D. P. R. 856; y *Martínez* v. *Cerezo,* 25 D. P. R. 709, o envolvían un elemento de fraude o las partes en el supuesto contrato tuvieron claramente la intención de que fuera ineficaz. En este caso los demandantes trataron de probar la existencia de una escritura contraria que anulaba la que existía, pero la prueba fué muy poco satisfactoria.

Aunque la expresión de la causa como se establece en dichas decisiones no constituye ningún obstáculo. (*estoppel*) que impida que supuestas partes puedan probar que no hubo tal consideración, dudamos, sin embargo, aunque sin resolverlo, si una persona que con verdadera intención hace una venta, como en este caso, no está impedida de proceder contra su acto aun cuando se pruebe la falta de consideración; y asimismo, por supuesto, sus herederos.

De todos modos, el peso o la obligación de probar la falta de causa no fué cumplida por los demandantes.

El primer señalamiento de error se refiere a la negativa de la corte a admitir una carta del notario autorizante en España que no estaba presente como testigo, para probar que la escritura era simulada. Creemos que el error alegado no necesita más comentarios.

De igual manera no constituyó error la negativa de la corte a admitir las manifestaciones hechas por el abogado del demandado fuera de la corte para obligar al demandado. 1 R. C. L. 482, 2 R. C. L. 990; Jones sobre Evidencia § 257 *et seq.*

Por otra parte no fué error el admitir una carta de don Manuel tendente a probar la escritura. Era una admisión en su contra hecha por el causante que era la verdadera persona con derecho. Además, la admisión de esta prueba no causaba perjuicio pues entendemos, que los demandantes no probaron su caso.

La sentencia apelada debe ser confirmada.

> *Confirmadas la sentencia apelada y la resolución denegatoria de nuevo juicio.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.