María Puig Torres, demandante y apelada, *v.* Ana Batista Torres, John Doe y Richard Doe, demás componentes de la Sucesión Desconocida de Alfredo González, y Jesús Rivera Torres, Administrador Judicial de los bienes del finado José Garriga Farizo, demandados; y Artemio Camacho, interventor y apelante.

No. 5902.—*Sometido:* Diciembre 20, 1932. *Resuelto:* Junio 13, 1934.

A. L. López, abogado del apelante; L. Muñoz Morales, abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Este pleito se estableció para que la Corte de Distrito de Humacao declararse nulas e inexistentes dos escrituras de compraventa. Lo demandados se allanaron a esa demanda pero un interventor se opuso a ella y apela de la sentencia que declara con lugar la demanda y sin lugar su oposición.

María Puig Torres compró en 1912, siendo soltera, una casa de maderas fabricada en solar del municipio de Caguas. Después de haberse casado con José Garrido Farizo vendió esa casa en 1915 a Alfredo González por precio de $800 que confesó haber recibido antes del otorgamiento de la escritura

de venta, la que produjo en el registro la inscripción cuarta. En 1919 María Puig compró la misma casa a Alfredo González, haciéndose constar también en la escritura correspondiente que el precio de $800 de la venta había sido recibido por el vendedor antes del otorgamiento de la escritura, que causó la inscripción séptima. José Garrido, el esposo de María Puig, murió después sin descendientes en 1926 y en diciembre de 1927 fué dictada sentencia contra la sucesión de José Garrido por $1,500 como indemnización por perjuicios a favor de Juan Solá González. En enero del año siguiente María Puig y Torres radicó demanda contra el administrador judicial de la sucesión de su esposo y contra la viuda y una hija menor de Alfredo González para que la Corte de Distrito de Humacao declarase nula e inexistente la venta que ella hizo de la casa a Alfredo González y también la compra que de ese inmueble hizo posteriormente al mismo González, por no haber mediado precio en ellas y haber verificado la venta para seguir los consejos engañosos de su esposo José Garrido, que tuvo el propósito de convertir una finca privativa de ella en un bien ganancial. En 1928 esa casa fué vendida en subasta judicial y adjudicada a Juan Solá González para cumplir la sentencia que obtuvo contra la sucesión de José Garrido. Solá vendió después la casa a Pedro Lizardi, quien también la enajenó a Artemio Camacho.

El administrador judicial de la sucesión de José Garrido se allanó a la demanda. También se allanó a ella la viuda de Alfredo González por sí y por su hija menor, como únicos herederos suyos, pero negando bajo juramento que el contrato hubiere sido fingido y simulado. Artemio Camacho se opuso a las pretensiones de la demandante. La sentencia dictada en el pleito declaró con lugar la demanda y sin lugar la oposición del interventor, quien apeló de ella.

En este recurso de apelación sólo ha comparecido ante nosotros el interventor Artemio Camacho.

Uno de los motivos alegados por el apelante para que revoquemos la sentencia recurrida es que la prueba presen-

tada en el juicio no es suficiente para sostener la conclusión de la corte inferior de que las dos escrituras de compraventa mencionadas fueron simuladas e inexistentes. Si tiene razón en este alegado error no será necesario considerar los otros motivos del recurso.

 Por los hechos expuestos puede verse que después de dictada una sentencia condenatoria de pago de dinero contra la sucesión de José Garrido fué que su viuda interpuso este pleito cuyo objeto es que la casa en cuestión, que por haber sido comprada durante su matrimonio con Garrido tiene el concepto de bien ganancial, ya que ni se alega ni aparece que fuera adquirida con dinero privativo de ella, vuelva a ser bien privativo de la demandante por la declaración de inexistencia de las mencionadas ventas.

La demandante María Puig y Torres, que reside en el territorio de la Corte de Distrito de Humacao, no declaró en el juicio de este pleito a pesar de haber sido la vendedora en la primera escritura y la compradora en la segunda, por lo que ella debe saber si no recibió dinero alguno por la enajenación que hizo ni lo entregó cuando compró. El hecho de que juró su demanda no hizo innecesaria su declaración en el juicio porque ese juramento es solamente un requisito de procedimiento que no tiene el valor probatorio de una declaración que está sujeta a repreguntas de la parte contraria, según dijimos con respecto a una contestación jurada en el caso de *Cruz* v. *Santiago,* 24 D.P.R. 112. La demandante era la testigo principal y quizá la única en este caso por haber muerto Alfredo González que con ella contrató. El era casado, por lo que de acuerdo con la ley tenía la administración de los bienes de la sociedad conyugal y por esto tenía conocimiento personal de si entregó y recibió dinero en las respectivas escrituras. Su viuda, Ana Batista, declaró en el juicio pero poco podía decir y poco dijo. Se concretó a manifestar que no recibió ni entregó dinero en esos contratos, lo que nada tiene de extraño pues su marido, como administrador de los gananciales, era el que tenía el

manejo del dinero de la sociedad y el que debía entregarlo y recibirlo: y dijo también que no sabe si su esposo entregó y recibió dinero en esos contratos, pues ella no hizo nada más que firmar las escrituras. Los otros dos testigos de la demandante nada saben con respecto al precio de esas compras sino solamente que María Puig vivió siempre en la casa excepto algún tiempo que vivió en un cafetín llamado El Conejo Blanco.

Cuando existe una escritura notarial la prueba debe ser vigorosa para que pueda destruir la presunción en ella contenida sobre la causa del contrato, pues la corte debe tener ante sí una certeza legal de que no existió tal causa. *Ríos* v. *Amorós,* 27 D.P.R. 804. También hemos declarado que a falta de una prueba que positivamente demuestre lo contrario, ha de presumirse que tiene causa un contrato consignado en escritura pública. *Cruz* v. *López,* 17 D.P.R. 42.

Entre ambas ventas mediaron cuatro años durante los cuales se verificaron en el registro las inscripciones quinta y sexta cuyos conceptos no conocemos pero que necesariamente se debieron a enajenaciones o gravámenes hechos con la finca por Alfredo González como dueño de ella, por lo que no se comprende cómo él hiciera esas operaciones si había comprado simuladamente, sin mediar precio. Además, su viuda negó en su contestación allanándose a la demanda que la compra fué fingida y simulada.

Por el resultado de la prueba tenemos que llegar a la conclusión de que la presentada por la demandante no es suficiente para concluir que no es cierto lo que las partes manifestaron en las referidas escrituras públicas respecto a la entrega del precio de las compras, por lo que no pueden ser declaradas inexistentes por no haber mediado causa para esas enajenaciones.

*Habiendo llegado a esa conclusión, la sentencia apelada no puede ser sostenida y debe ser revocada, dictándose otra que declare sin lugar la demanda, sin especial condena de costas.*