MARIO A. CARRIÓN y PETRA MELÉNDEZ CABALLER, peticionarios y recurrentes, *v.* ANA y ADELA MELÉNDEZ CABALLER, opositoras y recurridas.

Número: R-66-136        Resuelto: 27 de mayo de 1969

*Gregorio Ramos Rivera*, abogado de los recurrentes; *Félix A. Ramos Cabán*, abogado de las recurridas.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

PER CURIAM: Los recurrentes solicitaron del Tribunal Superior, Sala de Humacao, que se declarase justificado a su favor el dominio sobre un solar de 104.20 metros cuadrados sito en el barrio "Húcares" de Naguabo.

Alegaron que adquirieron dicho solar por compra a Adela, Juan, Manuel, Luis, Ana, Cándido (todos de apellidos Meléndez Caballer), Francisco Meléndez Sánchez y Constancia Meléndez Vda. de Corsino, por las escrituras Núm. 68 de 28 de julio de 1957, Núm. 70 de 4 de octubre de 1958, Núm. 68 de 2 de octubre de 1958, Núm. 50 de 21 de julio de 1958 otorgadas ante el notario Gregorio Ramos Rivera y la escritura Núm. 1 de 4 de enero de 1958, otorgada ante el notario don Ángel Fernández Ortiz, y que estos anteriores dueños la adquirieron a título de herederos de don Ventura Meléndez, quien falleció en 22 de octubre de 1945, y quien la poseyó por más de 30 años.

Comparecieron a oponerse doña Ana y doña Adela Meléndez Caballer. Negaron haber vendido a los peticionarios sus participaciones hereditarias en el solar y como defensa alegaron que el solar objeto de la información de dominio pertenece a título de herencia a la sucesión de Manuel Ventura Meléndez y Julia Caballer y que las escrituras relacionadas en la petición, especialmente la Núm. 68 de 28 de julio de 1957 otorgada ante el notario Gregorio Ramos, son nulas

por cuanto no medió causa alguna para su otorgamiento y que fueron otorgadas especialmente por las opositoras para facilitar un préstamo que el promovente había de tomar para el pago de deudas. Alegaron además que Ana Meléndez Caballer estaba enferma de sus facultades mentales para la fecha en que se otorgó la escritura de compraventa.

Celebrado un juicio, el tribunal dictó sentencia declarando sin lugar la solicitud sobre Información de Dominio y nulo e inexistente el contrato de compraventa celebrado entre los peticionarios y las opositoras Ana y Adela Meléndez Caballer, por no haber mediado en el mismo causa ni consideración. Al dictar su sentencia el tribunal formuló las siguientes determinaciones de hecho:

"1. Don Manuel Ventura Meléndez, conocido por Ventura Meléndez y doña Julia Caballer estuvieron casados entre sí habiendo procreado los siguientes hijos: Constancia, Francisco, Cándido, Alicia, Luis, Manuel, Adela, Ana y Petra todas de apellido Meléndez Caballer. Don Manuel c/p Ventura Meléndez falleció el día 23 de octubre de 1945. Su esposa doña Julia Caballer Peña había fallecido el 26 de noviembre de 1941.

2. Manuel c/p Ventura Meléndez y Julia Caballer a la fecha de su muerte eran dueños de una parcela de terreno que se componía de 2 solares ubicados en el Bo. Húcares de Naguabo, Puerto Rico. El inmueble objeto de la presente acción es uno de esos 2 solares el cual se describe así:

'URBANA: Solar que radica en el Barrio Húcares de Naguabo, Puerto Rico con un área de 120.08 metros cuadrados, colindante por el Norte y el Este en distancias de 11.585 y 10.365 metros respectivamente, con Juan Cortés; por el Sur da a la Carretera de Naguabo a Fajardo en una distancia de 11.585 metros y por el Oeste en distancia de 10.365 con Alberto R. Fuertes. Enclava sobre este solar un edificio de cemento con techo de zinc de 24 por 34 pies con un martillo anexo de 24 por 6¾ pulgadas, digo pies.'

3. Mario Carrión está casado con Petra Meléndez Caballer quien figura como uno de los componentes de la sucesión Meléndez Caballer.

4. Mario Carrión y Petra Meléndez Caballer ocupan el solar precedentemente descrito, objeto de la controversia judicial en el caso de autos, desde en o por el año 1947. Los demás miembros de la sucesión han vivido, unos en los Estados Unidos y otros fuera de la jurisdicción de Naguabo, Puerto Rico.

5. Allá para el año 1957 y por razón de que Mario Carrión y su esposa Petra Meléndez Caballer estaban interesados en obtener cierta cantidad de dinero a préstamo para construir el edificio comercial que en la actualidad poseen y administran en dicho solar denominado 'Brisas del Caribe', solicitaron y obtuvieron de todos los miembros que integraban la sucesión de don Manuel Meléndez y doña Julia Caballer que le traspasaran sus respectivas participaciones indivisas en el referido solar a fin de facilitarles la obtención de suficiente crédito para llevar a cabo la obra de construcción del edificio.

6. En una reunión celebrada entre las opositoras Ana y Adela Meléndez Caballer con su hermana Petra Meléndez Caballer y con el esposo de ésta, Mario A. Carrión, las opositoras Ana y Adela Meléndez Caballer le reiteraron a los peticionarios su negativa a vender sus participaciones indivisas en dicha propiedad pero consintieron en suscribir un documento mediante el cual pudiera facilitársele a Mario Carrión y a su hermana, esposa de aquél, la forma y manera de llevar a cabo su proyecto de construcción de un edificio comercial.

7. Sin que mediara causa alguna, sin estar debidamente orientadas con respecto al contenido del documento y con el solo y único propósito de facilitarle a los peticionarios la manera de llevar a cabo la construcción de la obra que los peticionarios se proponían emprender, suscribieron la Escritura Núm. 68 otorgada el 28 de julio de 1957 en Naguabo, Puerto Rico ante el Notario don Gregorio Ramos Rivera. A virtud de ese mismo documento Luis Meléndez Caballer y Juan Meléndez Caballer vendieron y traspasaron sus participaciones indivisas hereditarias a los peticionarios.

8. A virtud de otros documentos públicos Alicia Meléndez Caballer, Constancia Meléndez Caballer, Francisco Meléndez Caballer y Manuel y Cándido Meléndez Caballer traspasaron a Mario Carrión y su esposa sus respectivas participaciones hereditarias." (Autos originales, págs. 97–99.)

La sentencia apelada debe ser revocada. La prueba presentada por las opositoras es insuficiente en derecho para anular la escritura Núm. 68 otorgada en Naguabo el día 28 de julio de 1957 ante el Notario Gregorio Ramos Rivera. En dicha escritura comparecieron las dos opositoras doña Adela y doña Ana Meléndez Caballer en unión a don Luis y don Juan Meléndez Caballer y todos vendieron al peticionario don Mario A. Carrión sus participaciones en el solar objeto de la información de dominio por precio de $60.00, que el comprador pagó a los vendedores a razón de $15.00 para cada uno en presencia del notario quien dio fe de ello.

Para destruir lo que se consigna bajo la fe notarial en dicha escritura, las opositoras presentaron los testimonios de don Manuel Meléndez Caballer, doña Constancia Meléndez Caballer y el de doña Adela Meléndez Caballer.

Don Manuel, quien no es uno de los opositores, declaró que él nunca había vendido su participación en el solar; que Carrión había hecho gestiones para comprarle pero se había negado; que en una ocasión Carmelo Ávila había preparado la escritura de venta pero no la firmó; que en cierta ocasión su hermana Petra, esposa de Carrión, fue a Estados Unidos donde él reside y le pidió que firmara un *affidavit* para hacer un préstamo y arreglar el edificio y él le dio la firma; que aunque sabe leer y escribir no leyó muy bien el documento; que no sabía que con el documento que firmó se vendió el solar y que no recibió dinero alguno al firmarlo; que se enteró del pleito cuando una hermana suya le dijo que tenía que venir a declarar.

El *affidavit* a que se refiere este testigo no tiene relación con la escritura Núm. 68 anulada por el tribunal sentenciador, ni se hizo adjudicación alguna sobre la venta hecha por este testigo de su participación en el solar. Se presentó en evidencia la escritura Núm. 68 otorgada en dos de octubre de 1958 ante el notario Gregorio Ramos Rivera en virtud de la cual don Juan Meléndez Caballer, como apoderado de don

Manuel y don Cándido Meléndez Caballer, vendió las participaciones de éstos en el solar a don Mario A. Carrión por precio de $30.00 que el comprador pagó a los vendedores.

Doña Constancia Meléndez, quien tampoco figura como opositora, declaró que firmó una escritura en relación con el solar donde ubica el negocio "Brisas del Caribe" de Carrión; que Carrión fue a su casa con Gregorio Ramos y le dijo que iba a hacer un préstamo para terminar su casa y pagar una hipoteca y "que necesitaba la escritura y yo se la dí"; que el notario no le explicó la naturaleza de la escritura y si la firmó fue porque se trataba de Carrión y éste le dijo que era para hacer un préstamo; que no le leyeron la escritura ni recibió dinero cuando firmó, que estaba presente un hijo suyo, Arturo, quien sabe leer y escribir y posee un negocio de restaurant, que le llevaron otra escritura de la casa donde vivía su hermana Ana, que estaba enferma y se negó a firmarla.

Evidentemente esta testigo se refería a la escritura Núm. 70 otorgada en 4 de octubre de 1958 ante el notario Gregorio Ramos en virtud de la cual ella vendió a Carrión su participación en el solar por precio de $25.00 que el comprador le pagó en efectivo en presencia del notario.

De suerte que su testimonio no se relaciona directamente con la susodicha escritura Núm. 68 de 1957.

Doña Adela Meléndez Caballer, una de las opositoras y una de las otorgantes de la escritura Núm. 68 de 1957, declaró que nunca le vendió su participación en el solar a Carrión y que paga las contribuciones desde 1960, que cuando vino por primera vez de los Estados Unidos en 1957 firmó la referida escritura porque su hermana Petra le dijo que quería hacer un préstamo para mejorar su negocio y pagar una hipoteca y ella le dijo que sí; que no recibió dinero al firmar la escritura; que para entonces su hermana Ana se encontraba en su casa acostada y que esa hermana había estado recluida en el manicomio; que estaba en el cafetín de Mario Carrión cuando firmaron; que el notario no le leyó la

escritura; que ella sabe leer y escribir y sus relaciones actuales con su hermano Luis no son buenas.

Repetimos que esta prueba es insuficiente para anular una escritura en la que el notario da fe de la naturaleza de la transacción celebrada entre las partes comparecientes en la misma y da fe de la entrega del precio de la venta. La teoría de que el fin perseguido al firmarse esa y otras escrituras de compraventa, era para que Carrión obtuviera un préstamo está desacreditada por la propia prueba de los opositores. Se recordará que uno de sus testigos declaró que Carrión había hecho gestiones con él para comprar. Por otro lado, si en el año 1957, Carrión necesitaba hacer un préstamo y para ello necesitaba un título del solar a su nombre, sus gestiones a ese fin hubieran sido hechas con todos los demás herederos y no solamente con cuatro de ellos.

Corroborando la fe notarial, uno de los otorgantes de la escritura Núm. 68 de 1957, don Luis Meléndez Caballer, declaró que el notario leyó la escritura; que él y los demás vendedores recibieron el precio de venta en aquel acto que fue de $15.00 para cada uno. Al preguntársele que por qué vendió en ese precio contestó: "En ese tiempo no valía nada." Declaró además que ahora tiene valor debido al alza general en el valor de las propiedades en Puerto Rico.

Aquí las opositoras no presentaron prueba suficiente para destruir la expresión contenida en la tantas veces mencionada escritura Núm. 68 de 1957 en cuanto a la naturaleza y la causa del contrato. Véanse *Ríos* v. *Amorós*, 27 D.P.R. 804 (1919); *Sucesión Delgado* v. *Sucesión Villamil*, 41 D.P.R. 569 (1930); *Puig* v. *Torres, y Camacho, Interventor*, 46 D.P.R. 915 (1934); *Cortijo* v. *Orta*, 46 D.P.R. 925 (1934); *Acosta, Administradora* v. *Rosado*, 54 D.P.R. 439, 453 (1939).

*Se revocará la sentencia apelada y se devolverá el caso al tribunal sentenciador para que dicte la correspondiente*

*resolución declarando justificado a favor de los peticionarios-recurrentes, el dominio sobre el inmueble objeto de este pleito.*