## EL PUEBLO *v.* TORRES.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 269.—Resuelto en febrero 1, 1911.

DERECHO PENAL—ASESINATO EN PRIMER GRADO—VEREDICTO CONTRARIO A DERE-
CHO O A LAS PRUEBAS—PLIEGO DE EXCEPCIONES.—Este tribunal no puede re-
vocar un fallo por virtud de apelación fundada en que el veredicto fué con-
trario a derecho o a las pruebas, cuando no se hubiere sometido a su conside-
ración toda la prueba practicada en el juicio, ni se hubieren planteado en el
pliego de excepciones las cuestiones de derecho surgidas durante el juicio; en
tal caso hay que presumir que el veredicto ha sido pronunciado con arreglo a
derecho y a las pruebas practicadas.

ID.—CALIFICACIÓN DEL DELITO—VEREDICTO DEL JURADO.—No constando de los
autos elemento alguno de apasionamiento ni prejuicio, y no habiéndose de-
mostrado que se haya cometido error esencial en la calificación del delito ni
en ningún otro trámite, no debe modificarse el veredicto del jurado.

NUEVO JUICIO—INSTRUCCIONES AL JURADO—EXPOSICIÓN DEL CASO.—No habiendo
exposición del caso en los autos, es de presumirse que la sentencia dictada
está de acuerdo con la prueba, y siendo ajustadas a derecho las instrucciones
del juez al jurado, y no habiéndose cometido error alguno en el curso del
juicio, ni apareciendo que el veredicto sea contrario a derecho ni a las pruebas,
no cabe conceder un nuevo juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

EL JUEZ ASOCIADO, SR. MACLEARY, emitió la opinión del tribunal.

En el presente caso, se declaró culpable al acusado, del delito de asesinato en primer grado, dictándose contra él la pena de muerte. Basilio Torres dió muerte a su concubina, Juana Pérez, en el pueblo de la Muda del Distrito Municipal de Río Piedras, en el mes de marzo de 1909. Dicho Torres fué juzgado por un jurado, en la Sección Segunda de la Corte de Distrito de San Juan, ante el Hon. Martín E. Gill, siendo declarado culpable, en debida forma, y condenado a sufrir la pena de muerte. No teniendo abogado que le representase en la apelación interpuesta ante este tribunal, la corte designó al Hon. Manuel F. Rossy para que desempeñase ese deber, lo que hizo fiel y honrosamente, pero sin esperanza de honorarios ni recompensa alguna.

No es muy justo exigir a los miembros del foro puertorriqueño, que presten este servicio público sin remuneración, aunque por lo general están dispuestos a hacerlo; y siempre que asumen ese deber, lo desempeñan, por regla general, hábil y concienzudamente, como se hizo en el presente caso.

Los autos en esta causa, se han presentado ante nosotros en una forma algo insuficiente, conteniendo solamente la acusación, las instrucciones del tribunal, el veredicto del jurado, la sentencia condenatoria, la moción de nuevo juicio, la resolución desestimando la misma y el escrito de apelación. No hay en los autos, pliego de excepciones ni relación de hechos y de este modo, estamos completamente impedidos de considerar los hechos del caso más allá de la mención que de los mismos se ha hecho en las instrucciones dadas por el tribunal, al jurado.

En su alegato e informe oral, el Letrado defensor del acusado, alega que dos errores fueron cometidos por el tribunal sentenciador, siendo el primero el haber declarado al acu-

sado culpable del delito de asesinado en primer grado; y el
segundo, el haberse negado a concederle un nuevo juicio.
Estos errores que se alegan por la defensa, se considerarán
por el orden en que se han presentado.

La acusación, en el párrafo, imputando al acusado el de-
lito, dice lo siguiente:

"El Fiscal formula acusación contra Basilio Torres por un delito
de asesinato (*felony*) cometido como sigue: el citado Basilio Torres
en Río Piedras, dentro de este distrito judicial, en uno de los días del
mes de marzo de 1909, ilegalmente, con malicia premeditada, tácita y
propósito firme y deliberado de quitar la vida a Juana Pérez, con un
cuchillo produjo ocho heridas a la citada Juana Pérez, causando su
muerte casi inmediatamente."

Con arreglo a nuestras leyes de enjuiciamiento criminal,
esta acusación imputa al acusado de un modo suficiente, el
delito de asesinato en primer grado. No tenemos más infor-
mes con respecto a los hechos, que la relación hecha por el
juez, en sus instrucciones al jurado, que dicen lo que sigue:

"De la prueba practicada, y no controvertida, parece que Juana
Pérez se presentó, con uno de sus cuatro hijos, en casa de una sobrina
de ella, una tal Presentación Torres, cerca de la Muda, en Río Piedras;
que dos o tres días más tarde, se presentó el concubino de Juana Pérez,
el acusado Basilio Torres; que ellos dos y la niña, pasaron la noche en
la casa de Presentación, en compañía de Presentación, del esposo de
ésta, Diego Hernández, y también un pequeño niño de Diego y de
Presentación. Antes de acostarse, parece que hubo algunas palabras
entre Basilio, el acusado y Juana Pérez; parece que el acusado de-
seaba que Juana Pérez se fuese con él a Hato Rey para vivir con él, y
que ella se negó. No se ha declarado que hubo riña, ni nada de eso,
sino que hubieron algunas palabras.

"De la prueba practicada parece, que durante las primeras horas
de la mañana del próximo día, domingo, no hubo dificultad ninguna
entre el acusado y Juana Pérez; parece que todos, los dos, se fueron a
la casa de la hermana, Jacinta Pérez, hermana de Juana Pérez, y
que más tarde regresaron a la casa de Presentación. En la casa de
Presentación se encontraron solos, o no hubo nadie más allí, sino una
pequeña niña de Presentación. Después de algunos momentos, des-

pués de algunos minutos, algún tiempo después, Presentación oyó un grito, acudió a la casa, y según la prueba y según su declaración de ella, vió al acusado golpeando a Juana Pérez con un cuchillo.

"Se ha presentado también otra prueba por parte de María Torres y de Diego Hernández y otros testigos, y no se ha controvertido, que el acusado es el autor de la muerte de Juana Pérez. Queda ahora a vosotros determinar el grado de la culpabilidad."

El letrado defensor alega con insistencia que en virtud de este estado de hechos el jurado no ha podido justamente declarar al acusado culpable del delito de asesinato en primer grado, por falta de prueba de la premeditación y deliberación. Si no hubo premeditación, entonces no ha debido darse un veredicto declarando al acusado culpable del delito de asesinato en primer grado. Nuéstra ley dice que todo asesinato perpetrado por medio de veneno, acecho, o tortura, y toda clase de muerte alevosa, deliberada y premèditada, o cometida al perpetrarse o intentarse algún incendio de morada, rapto, robo, asalto, o mutilación, constituye asesinato de primer grado; siendo de segundo grado todos los demás. (Código Penal de Puerto Rico, art: 201, pág. 570.)

En virtud de los hechos del presente caso, la muerte de Juana Pérez, a menos que fuera intencional, deliberada y premeditada, no podía calificarse de asesinato en primer grado, sino solamente de asesinato en segundo grado. Se ha consignado en otra parte de las instrucciones dada por el tribunal, al jurado, que la interfecta fué herida ocho veces con un cuchillo, a consecuencia de cuyas heridas, murió casi instantáneamente. Se dejó al jurado el determinar si los hechos probados demostraban que la muerte había sido intencional, deliberada y premeditada. Dicho jurado declaró que sí. Nosotros no tenemos a la vista todas las pruebas. A juzgar por las constancias de autos, puede que haya habido otras circunstancias que más claramente demostraban deliberación y premeditación. Pero no es necesario demostrar que la deliberada intención de quitar ilegalmente la vida a la interfecta, haya existido durante un período de tiempo considerable. Las ins-

trucciones dadas al jurado, con respecto a la diferencia entre los delitos de asesinato en primero y segundo grado, eran amplias y claras, y completamente imparciales en cuanto el acusado. A petición del letrado defensor del acusado, el jurado fué también instruído de dar a dicho acusado el beneficio de cualquier duda razonable.

"El Tribunal Supremo no puede revocar un fallo por virtud de apelación, fundado en que el veredicto es contrario a derecho o a las pruebas cuando no se hubiere sometido a su consideración toda la prueba practicada en el juicio, ni se hubieren planteado en el pliego de excepciones las cuestiones de derecho surgidas durante el juicio; en tal caso hay que presumir que el veredicto ha sido pronunciado con arreglo a derecho y a las pruebas practicadas."

*People* v. *Díaz,* 5. P. R. Rep., p. 415.

Los autos no demuestran ningún elemento de apasionamiento ni prejuicio, y no se ha demostrado ningún error esencial que haya sido cometido en la calificación del delito o de otro modo. No encontramos motivo alguno para modificar el veredicto del jurado. La sentencia del tribunal y la imposición de la pena de muerte resultaron como consecuencia legal del veredicto dado por el jurado.

Siendo esto así, ¿ha debido concederse un nuevo juicio? El artículo 303 del Código de Enjuiciamiento Criminal señala los casos en que puede concederse un nuevo juicio. Ninguna de las disposiciones de dicho artículo, puede aplicarse al caso de que se trata, con excepción de las disposiciones 5ª. y 6ª., que dicen lo siguiente:

"5. Cuando el tribunal hubiera erróneamente informado al jurado acerca de algún punto de derecho, o se hubiere equivocado en la decisión de alguna cuestión legal surgida durante la sustanciación del juicio.

"6. Si el veredicto fuere contrario a derecho o a las pruebas."

No hay nada en los autos que demuestre que el jurado haya sido instruído erróneamente, ni que el tribunal haya

cometido error alguno en ninguna cuestión surgida durante el curso del juicio. Ni aparece tampoco que el veredicto del jurado fuera contrario a derecho ni a las pruebas. Los procedimientos eran imparciales y regulares y conforme a ley. Y a falta de una relación de hechos, debemos presumir que la sentencia estaba sostenida por la prueba.

Es evidente que se ha cometido un asesinato cruel, y el acusado justamente ha perdido el derecho a la vida. Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados, Wolf del Toro y Aldrey.