Sucesión de Enrique Delgado Ortega, compuesta de su viuda Gertrudis Giménez Cruz, y sus hijas Aurora y Tula Delgado Giménez, demandante y apelante, *v.* Sucesión de Joaquín Villamil y Méndez, compuesta de su viuda Josefina Capetillo, y de sus hijos Joaquín, Josefina, Fernando, Federico y Rafael Villamil y Capetillo, demandada y apelada.

No. 4699.—*Sometido:* Diciembre 17, 1929. *Resuelto:* Noviembre 28, 1930.

*Luis Muñoz Morales,* abogado de la apelante; *José Martínez Dávila,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Enrique Delgado y su esposa Gertrudis Jiménez compraron tres solares en el año 1903 radicados en el barrio de Santurce de esta ciudad con las cabidas siguientes: uno con una cuerda y un cuarto de terreno; otro de 25 metros y 80 centímetros de frente por 62 metros con 70 centímetros de fondo; y el otro de 62 metros 70 centímetros de frente por igual medida por su fondo. En 23 de marzo de 1905 Delgado y su esposa vendieron por escrituras públicas los tres solares a Joaquín Villamil por las mismas cantidades en que los habían comprado, a saber, $175, $70 y $140, respectivamente, dando fe el notario que otorgó las escrituras de venta a favor de Villamil de que éste entregó en su presencia los precios de sus compras. En 1913 Villamil segregó una porción de terreno de uno de los solares y se la vendió a Nolasco Escalera. En 1914 vendió Villamil los tres solares a Pedro Bolívar Alvarez por precio mayor del en que los había comprado, esto es, $250, $100 y $200, respectivamente, de quien los adquirió nuevamente en 1918 por las mismas cantidades en que se los había vendido. En 1921, diez y

seis años después de haber comprado Villamil a Delgado, aquél vendió tres solares del mencionado en tercer lugar al Municipio de San Juan por precio total de $12,573.77. Ocho años después de esas ventas murió Enrique Delgado el 14 de febrero de 1929 y posteriormente vendió Villamil otros solares por la suma de $6,207.42. Desde 1911 hasta 1916 ó 1917 Enrique Delgado fué tenedor de libros de la casa comercial de Villamil. Este pagó las contribuciones de esos solares después de sus compras y no consta que Delgado pagara todo o parte de las mismas.

Diez y nueve años después de las ventas hechas por Delgado y su esposa los herederos de aquél demandaron judicialmente a Joaquín Villamil, quien falleció antes de contestar esa demanda pero lo hicieron sus herederos. En esa demanda se alega que la compra hecha por Villamil fué simulada y motivada porque Villamil hizo creer a Delgado y a su esposa que esas fincas corrían peligro de perderse si continuaban a nombre de Delgado, ofreciéndole gestionar su venta mediante una comisión por lo que le fueron traspasados los títulos de esas propiedades sin mediar precio alguno, con el encargo de venderlas y con el entendido de que retuviera una participación de una tercera parte en concepto de comisión o agencia. Alega también que Villamil ha vendido varios lotes de uno de los solares por precio que dice ser de $16,856.25, pero que encontramos ser mayor, apropiándose la totalidad de esa cantidad sin entregar a los demandantes las dos terceras partes. Como consecuencia de ésas y otras alegaciones solicitaron sentencia que condenase a Villamil, ahora sus herederos, a devolverles el resto del solar donde hizo las segregaciones y los otros dos solares, a pagarles las dos terceras partes de las ventas que hizo y a indemnizarles daños y perjuicios por $10,000. Se opusieron los herederos de Villamil a esas reclamaciones y celebrado el juicio recayó sentencia contraria a los demandantes, quienes han interpuesto esta apelación en la que no han comparecido los apelados.

Los dos primeros motivos alegados para sostener

este recurso se refieren a las pruebas y están íntimamente relacionados, por lo que pueden ser resueltos conjuntamente. Dicen así: Primero: La corte cometió error al declarar que las escrituras de compraventa de 23 de marzo de 1905 otorgadas ante el notario Tomás Mott por Enrique Delgado y Gertrudis Jiménez a favor de Joaquín Villamil no fueron simuladas. Segundo: La corte cometió error al declarar que los documentos privados escritos de puño y letra de Villamil no son suficientes para destruir la presunción establecida por las escrituras públicas y probar que las fincas en litigio habían sido traspasadas a Villamil en concepto de "trust" o fideicomiso.

No impugnan los apelantes la autenticidad de las escrituras de venta de los esposos Delgado a favor de Villamil, pues lo que sostienen es que no obstante lo que en ellas se dice lo cierto es que esas ventas fueron simuladas y que han probado la simulación.

Para destruir los demandantes las ventas que contienen esas escrituras presentaron la declaración de la viuda de Enrique Delgado y dos documentos privados escritos por Villamil, pues sus otros testigos y documentos se refieren a otros extremos sin importancia para la resolución del pleito y de esta apelación.

Declaró la viuda de Delgado que su familia y la de Villamil tenían una estrecha amistad; que en 1905, a consecuencia de un derrame cerebral que tuvo su esposo, le propuso Villamil que le pasara los títulos de esos solares, lo que hizo por temor a los acreedores de Delgado, para cuando tomaran los terrenos mucho valor; que le fueron traspasados los títulos y que el día antes de ser firmadas las escrituras le envió Villamil la carta que dice así:

"Mi estimada Tula: Además de la conveniencia de mandarme las escrituras, creo que no es menos la de que se haga un traspaso de las mismas. Me es igual, que éste se haga a favor mío o de alguna persona amiga de uds., pero le repito que es muy conveniente hacer el traspaso cuanto antes para que un enemigo de ustedes no vaya a

enamorarse de esos solares. Yo le digo todo esto porque sé que hay quien quiere cobrar algo que al parecer le debe Enrique, y sería triste que por esta causa no se pudiera sacar algún partido de los dichos solares.

"Anoche no le dije nada de esto porque no me pareció bien preocupar a Enrique, pero Ud. puede consultarlo con él en la forma que crea más conveniente; en este caso Ud. me dice por escrito y lo .antes posible, o si le parece bien venir a verse conmigo y yo le explicaré todo lo que hay.

"Si el traspaso se hace a favor mío, yo le daré a Ud. un documento privado en el cual haré constar las participaciones que corresponden a ustedes comprometiéndome a entregarles la parte correspondiente al efectuar las ventas.

"Si le es posible contésteme en seguida para mandar a extender las escrituras y llevárselas a firmar en seguida de modo que estos bienes queden asegurados.

"Nada más por el momento y sabe les aprecia su amigo, J. Villamil. S/c marzo 22/905."

Después de inscritas esas compras a favor de Villamil éste envió a la viuda de Delgado los siguientes documentos:

"Amiga Tula: Dispénseme que hasta hoy no le haya ·mandado la adjunta carta. Fué que no me habían entregado los documentos. Mande a su atto. amº. y S.S., Joaqn. Villamil. S/c abril 29/905."

"San Juan, P. R., abril 29, 1905. Sres. Don E. Delgado y Gertrudis Jiménez, Santurce. Muy estimados amigos míos: En los terrenos que actualmente poseo en Santurce, de este término municipal, declaro que reconozco a favor de Uds. la suma de doscientos sesenta y dos dólares los cuales les abonaré cuando dichos terrenos hayan sido vendidos. Es entendido que las contribuciones y demás gastos corren de cuenta de Uds. y míos. De Uds. muy atto. amigo y afmo. S. S., Joaquín Villamil."

Nada declaró la viuda de Delgado respecto a que la venta se hizo para que Villamil vendiese los terrenos cobrando una comisión de una tercera parte.

Todo documento público tiene la presunción de ser cierto su contenido y para destruirla es necesaria una prueba tan robusta y tan clara que permita al juzgador resolver el con-

flicto sin vacilaciones de ningún género pues en casos de duda la declaración contenida en el documento público debe siempre prevalecer, según dijo este Tribunal en el caso de *Hernández* v. *Fernández,* 17 D.P.R. 102. Esta regla la tendremos por norma al decidir este litigio.

La declaración de la viuda de Delgado no niega que en la venta hecha por ella y por su esposo a Villamil mediara precio ni que éste fuera entregado por el comprador en presencia del notario, y se limita a decir que los títulos fueron traspasados a Villamil por la amistad existente entre la familia de ambos, para impedir las reclamaciones que pudieran hacer los acreedores de su marido y para esperar que los terrenos tuviesen mayor valor. Pero si eso fué así no se comprende cómo Delgado dejó transcurrir diez y siete años sin reclamar a Villamil que le devolviese los solares y que tampoco le reclamara el precio de las ventas que hizo, ascendentes a una crecida cantidad de dinero, realizadas cuatro años después de haber dejado de ser empleado suyo como tenedor de libros. Además la declaración de esa señora no concuerda con la teoría de la demanda según la cual los terrenos fueron traspasados a Villamil para que los vendiera y cobrara una tercera parte del precio como comisión de venta a cuya teoría es aplicable también la consideración antes consignada respecto a no haber reclamado Delgado sus participaciones en las ventas hechas por Villamil.

Lo único que hace surgir alguna duda respecto a la verdad de las manifestaciones y actos de las partes en las escrituras de venta de 1905 es el documento privado en el que Villamil propone a la esposa de Delgado la conveniencia de hacer un traspaso de los solares a su favor o al de otra persona antes de que sus enemigos se lanzasen contra ellos, pues hasta ese momento parece que no se trataba de una verdadera venta, pero esas manifestaciones no son suficientes para poder concluir de una manera inequívoca que tal proposición no fué modificada antes de firmarse las escrituras contentivas por sus términos de verdaderas ventas.

■ Tampoco el otro documento privado demuestra con certeza por sus términos que Villamil reconoce en esos solares a Delgado y su esposa un condominio en ellos de dos terceras partes pues lo que dicen sus palabras es que les reconoce la suma de $262 que les abonará cuando los terrenos hayan sido vendidos, cantidad que no es exactamente el valor de las dos terceras partes de la compra que les hizo Villamil. El reconocimiento de una deuda en los solares por cantidad determinada, aunque aproximada a las dos terceras partes del valor por el cual fueron vendidos a Villamil, limita el derecho de Delgado a esa cantidad específica, y no puede considerarse como reconocimiento de un condominio por dos terceras partes porque llevaría consigo el de tener derecho Delgado a cualquiera cantidad mayor o menor en el valor de las dos terceras partes que en cualquier momento tengan los solares. Esas palabras sólo pueden interpretarse, sin otra prueba, como el reconocimiento de una deuda. Por otra parte en el expresado documento se dice que las contribuciones·y demás·gastos serán de cuenta de Delgado y de Villamil, pero éste probó que él pagó las contribuciones y los demandantes no presentaron evidencia alguna de haber satisfecho parte de esas contribuciones ni cantidad alguna por gastos.

Quizás se trata efectivamente de una venta simulada para evitar que los acreedores de Delgado cobrasen sus créditos o tal vez las ventas fueron ciertas con el entendido, como dice la demanda, de que al ser vendidos los solares por Villamil éste cobrase una comisión de una tercera parte y entregase el resto a Delgado, pero opinamos con el tribunal inferior que la prueba presentada por los demandantes no es tan robusta y tan clara que sin vacilación alguna pueda decirse que las escrituras que se impugnan no contienen una verdadera venta de Delgado y su esposa a Villamil, ni que éste les reconociera posteriormente el condominio que aquéllos alegan. Si en verdad ocurrió lo que dicen los demandantes,

sufren ahora las consecuencias de haber tratado de burlar a sus acreedores.

Resueltos los dos primeros motivos del recurso en la manera expresada se hace innecesario decidir los otros dos referentes a los errores que se alega haber cometido el tribunal inferior al declarar que Villamil adquirió los solares con justo título y buena fe por lo que la acción que se ejercita está prescrita, y al declarar que existe también la prescripción en cuanto a la reclamación de daños y perjuicios.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Hutchison y Texidor disintieron.