**Walter FOURNIER and Ailene Ruiz De Fournier, Plaintiff,**

v.

**EASTERN AIRLINES, INC., Defendant.**

**Civ. No. 84–2594 (JAF).**

United States District Court, D. Puerto Rico.

March 4, 1987.

*Engineering Corp. v. United States,* 431 U.S. 666 (1977); *DeFont v. United States,* 453 F.2d 1239, 1249 (1st Cir.1972) (per curiam).

Juan J. Martínez-Rodríguez, Wilfredo A. Géigel, San Juan, P.R., for plaintiff.

Lawrence E. Duffy, San Juan, P.R., for defendant.

### OPINION AND ORDER

FUSTE, District Judge.

This is a diversity jurisdiction case pursuant to 28 U.S.C. sec. 1332. The matter is before us on defendant's motion for summary judgment. The action is one for nullity of contract and damages. According to plaintiffs' theory of the case, as expressed in the pretrial order,

> [p]laintiffs were induced into entering a contract for the purchase of defendant's property on the grounds that said property was appropriate for a profitable residential development. As such plaintiff (sic) incurred in effort and expenses on an expectation of making a profit in the development of the property.
>
> Defendant misled the plaintiff (sic) to enter into an agreement on a property which defendant knew or should have known could not be used as such because of its high ecologic value which barred the purpose for which the land was offered for sale.
>
> Defendant's inducement caused damages to plaintiff (sic) to the extent of plaintiffs['] involvement, expenses incurred and loss of expectation of a profit.

Under the Civil Code of Puerto Rico, applicable to a diversity action, we consider the following:

> [i]f the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed.

Art. 1233, Civil Code of Puerto Rico, 31 L.P.R.A. sec. 3471 (1930).

The contract before us is quite clear, and its terms directly contradict the plaintiffs' allegation. Paragraph 15 specifically states that:

> [t]his contract supersedes all prior discussions and agreements between Buyer and Seller with respect to the Property and contains the sole and entire understanding between the parties with respect to the Property.

At paragraph 3 the agreement states that "the Property will be conveyed on an 'as is', 'where is' basis *with no warranties whatsoever* as to its condition, state, or *possible use.*" (Emphasis added).

The contract itself foresees the possibility that the land may not be useable for its intended purpose, and provides for such an event:

> In the event that by February 3rd, 1982 the Governmental authorities do not emit a favorable decision on the "Consulta de Ubicación", for the construction of at least 160 single family dwelling units, in condominium or otherwise, on the Property, then in that event, the Seller shall retain the $25,000. payment made by the Buyer herewith and thereafter the remainder provisions of this Agreement shall be resolved and become a nullity.
>
> Buyer and Seller both agree that they will be diligent in pursuing and seeking to obtain the aforementioned governmental approval, including, but not limited to, filing of all documents, etc. with the Puerto Rico Planning Board and any other appropriate agencies, to the end that any governmental approvals necessary to obtain a favorable "Consulta de Ubicación", are realized as soon as possible. Should it become apparent that the sought after approvals will not be forthcoming then, in that event, Buyer and Seller hereby agree that the period of time granted for obtaining the permit will be foreshortened accordingly.

Plaintiffs oppose the motion for summary judgment alleging that the contract was tainted by *dolo* or deceit and, therefore, the consent given to enter the agreement is vitiated.[1]

---

**1.** Article 1217 of the Civil Code of Puerto Rico, 31 L.P.R.A. sec. 3404 (1930), states: "Consent

In discussing the concept of *dolo*, Puig Brutau states the following:

> [I]n the strict sense, [*dolo* ] signifies the machinations or artifices that are used by one of the contracting parties to deceive the other.

J. Puig Brutau, *Fundamentos de Derecho Civil*, Tomo II, Vol. I at 97 (1978) (translation ours). Quoting Diez-Picazo, he points out that *dolo* "is the conscious and voluntary realization of an antijuridical act." *Id.* Guaroa Velázquez points out:

> The terms *dolo* and fraud should not be confused. *Dolo* has the characteristic of being anterior to the act that it viciates, and is exercised in front of one of the parties; fraud is exercised by the contracting parties, or an isolated, in order to prejudice the right acquired by a third party.

Guaroa Velázquez, *Las Obligaciones Según el Derecho Puertorriqueño*, sec. 50 at 32 (Equity Pub. Corp. 1964) (translation ours).

As one can see, civil law has created a distinction in the general concept of fraud, calling fraud which affects a contracting party *dolo*.

Guaroa Velázquez, giving an example of *dolo*, states:

> "[*dolo*] can manifest itself through words which induce a contracting party to err, such as affirmations of qualities that he knows do not exist."

*Id.*

> Fed.R.Civ.P. 9(b) states that:

> In all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

In this sense, the rule is identical to Local Rule 7.2, 32 L.P.R.A. App. III, Rule 7.2.

For purpose of notice pleading, it is clear that *dolo* is analogous to fraud in that it refers to specific acts of similar nature.

Therefore, it must be pleaded in detail. Our review of the record reveals that such specificity is lacking. Therefore, we must consider whether such extrinsic evidence is admissible in a dispute over the contract.

When in a written agreement all terms and conditions constituting the true and final intention of the parties have been included, such an agreement is deemed as complete and, generally, there can be no evidence extrinsic to contents. In this jurisdiction, parol evidence rule concepts are substantive and not procedural in nature. Puerto Rico R. of Evid. 69(B) (1979) and comments to the same. *See also Cháves v. Coop. de Crédito de Isabela*, 103 D.P.R. 892 (1975); *Collazo v. Conesa*, 70 D.P.R. 155 (1949). In an integrated agreement such as this, where provisions specifically state that the written contract constitutes the entire agreement, and supersedes any representations or proposals expressed or implied during negotiations, parol evidence may not be admitted to alter the terms of the contract, absent ambiguity. *See, e.g., Earman Oil Co., Inc. v. Burroughs Corp.*, 625 F.2d 1291 (5th Cir.1980); *Golden Gate Acceptance Corp. v. General Motors Corp.*, 597 F.2d 676 (9th Cir.1979).

The terms of the contract are clear, there were no warranties as to the use of the land for a specific purpose; the contract itself provides contingencies for its resolution and nullity if the land could not be developed as Fournier hoped to do. Therefore, Eastern's motion for summary judgment is GRANTED and the action is DISMISSED.

IT IS SO ORDERED.

---

given by error, under violence, by intimidation, or deceit shall be void."

Article 1221, 31 L.P.R.A. sec. 3408 (1930), states: "There is deceit when by words or insid-

ious machinations on the part of one of the contracting parties the other is induced to execute a contract which without them he would not have made."